UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:05CV-00098-EHJ

OLEDA DANIEL                                                                                         PLAINTIFF

VS.

JO ANNE B. BARNHART,
Commissioner of Social Security                                                                    DEFENDANT

## FINDINGS OF FACT, CONCLUSIONS OF LAW
## AND RECOMMENDATION

### BACKGROUND

Before the Court is the complaint (DN 1) of Oleda Daniel ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). Both the plaintiff (DN 9) and the defendant (DN 10) have filed a Fact and Law Summary.

The District Judge has referred the case to the undersigned United States Magistrate Judge (DN 5) to review the Fact and Law Summaries and submit Findings of Fact, Conclusions of Law and Recommendations. 28 U.S.C. Section 636(b)(1)(B). By Order entered August 8, 2005 (DN 5), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

### FINDINGS OF FACT

On November 14, 2002, plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income payments[1] (Tr. 57-61, 259-261). Plaintiff alleged that she became disabled on October 6, 1992 as a result of fatigue; lower extremity pain; intolerance to standing, heat, and pain; and fainting (Tr. 21, 57, 68). Administrative Law Judge Peter M.

---

[1] The protective filing date for this application is November 12, 2002 (Tr. 258).

Davenport ("ALJ") conducted a hearing on June 15, 2004 in Campbellsville, Kentucky (Tr. 274). The plaintiff was present and represented by attorney M. Gail Wilson (Tr. 274).

In a decision dated June 30, 2004, the ALJ concluded from the medical evidence that plaintiff does not have a "severe" impairment within the meaning of the regulations (Tr. 10-24). For this reason the ALJ denied plaintiff's applications at the second step in the sequential evaluation process (Tr. 23-24). The Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 17-19).

## CONCLUSIONS OF LAW

The Social Security Act ("Act") authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> "[i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, ___ U.S. ___, 122 S.Ct. 1265, 1267-1268 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. Sections 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have an impairment or combination of impairments that significantly limits his or her ability to do basic

2

      work activities?

      3)    Does the claimant have an impairment that satisfies the duration requirement and meets or medically equals the criteria of a listed impairment within Appendix 1?

      4)    Does the claimant have the residual functional capacity to return to his or her past relevant work?

      5)    Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied plaintiff's claim at the second step.

As previously mentioned, the Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 17-19). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); See 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Secretary of Health and Human Serv's., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Serv's., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" exists if a "reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Secretary of Health and Human Serv's., 987 F.2d 1230, 1233 (6th Cir. 1993) (citing Smith v. Secretary of Health and Human Serv's., 893 F.2d 106, 108 (6th Cir. 1989))). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Secretary of Health and Human Serv's., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.

3

1984)).

Here, the ALJ denied plaintiff's applications at the second step because he found from the medical evidence that plaintiff's physical and mental impairments are "not severe" (Tr. 22, 23, 24). Citing Social Security Ruling 96-3p and Dixon v. Shalala, 54 F.3d 1019 (2d Cir. 1995), plaintiff argues the ALJ failed to apply the "slight abnormality" or "*de minimis*" standard in making these findings (DN 9). Additionally, in assessing the medical evidence at the second step, the ALJ discounted the diagnostic and functional opinions of Robert Bertram, D.O., a treating physician (Tr. 22). Citing entries in Dr. Bertram's treatment records and functional assessment, plaintiff argues the ALJ's reasons for discounting Dr. Bertram's opinions are not supported by the evidence (DN 9).

Defendant does not respond to plaintiff's argument about Dr. Bertram's diagnostic impressions (DN 10 at 4). Instead, defendant asserts the functional restrictions of Dr. Bertram are inconsistent with the opinion of consultative examiner, Dr. Ellington, which indicates no functional restrictions (DN 10 at 4). Apparently in an effort to bolster her position, defendant cites certain laboratory and diagnostic testing results that have nothing to do with the diagnostic and functional restrictions expressed by Dr. Bertram.[2]

At the second step a claimant must demonstrate he or she has at least one "severe" impairment to proceed to the next step in the sequential evaluation process. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c), 416. 920(a)(4)(ii) and (c); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam). To satisfy this burden the claimant must show he or she suffers from a

---

[2]Additionally, defendant seems to assert that Dr. Bertram has rendered a vocational rather than medical opinion and, thus, the opinion is not entitled to any weight (DN 10 at 4). Since plaintiff's argument focuses on the medical opinions rendered by Dr. Bertram (DN 9 at 3), there is no reason to address defendant's assertion.

4

"medically determinable" physical or mental condition that satisfies the duration requirement[3] and "significantly limits" his or her ability to do one or more basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c), 404.1521, 404.1523, 416.920(a)(4)(ii) and (c), 416.921, 416.923; Social Security Ruling 96-3p; Social Security Ruling 96-4p.

In this Circuit the severity regulation set forth in 20 C.F.R. §§ 404.1520(c) and 416.920(c) has been construed as a *de minimis* hurdle in the disability determination process. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir.1986); Salmi v. Secretary of Health and Human Services, 774 F.2d 685, 690-92 (6th Cir.1985); Farris v. Secretary of Health and Human Services, 773 F.2d 85, 89-90 (6th Cir.1985). Under the *de minimis* view, an impairment can be considered "not severe" only if it is a "slight abnormality" that "minimally affects" work ability regardless of age, education, and experience. Higgs, 880 F.2d 862; Farris, 773 F.2d at 90; 20 C.F.R. § 404.1521(a); Social Security Ruling 96-3p. This "lenient interpretation of the severity requirement" in part represents the Sixth Circuit's response to the Commissioner's "questionable practice in the early 1980s" of using the severity regulation to "deny meritorious disability claims without proper vocational analysis." Higgs, 880 F.2d at 862 (citing Bowen v. Yuckert, 482 U.S. 137 (1987)).

The rule on controlling weight applies when a "treating source" renders a "medical opinion" that is both well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. Social Security Ruling 96-2p; 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Notably, all of the above factors must be satisfied in order for the treating source's opinion to be entitled to controlling weight. Social Security Ruling 96-2p. If the Administrative Law Judge determines the medical opinion of a

---

[3] 20 C.F.R. §§ 404.1509, 416.909.

5

treating source is not entitled to controlling weight then he or she must determine how much weight it should be accorded. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); Social Security Ruling 96-2p. In doing so, the Administrative Law Judge must set forth an explanation for the weight accorded. Social Security Ruling 96-2p; 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2); Wilson v. Commissioner of Social Security, 378 F.3d 541, 545-546 (6th Cir. 2004) (If an Administrative Law Judge discounts the opinion of a treating physician, the Administrative Law Judge must provide "good reasons" for doing so).

There is no dispute that under the regulations Dr. Bertram is a "treating source" who is qualified to render medical opinions that reflect judgments about the nature and severity of the impairment or impairments, diagnosis and prognosis, what plaintiff can still do despite the impairment or impairments, and plaintiff's physical restrictions. 20 C.F.R. §§ 404.1502, 404.1513(a), 404.1527(a)(2), 416.902, 416.913(a), 416.927(a)(2); Social Security Ruling 96-2p. Here, the ALJ "accorded no weight to Dr. Bertram's diagnoses of osteoarthritis, degenerative joint disease, degenerative disc disease, or chest pain as his reports are devoid of supportive objecting testing"(Tr. 22). In making this finding the ALJ turned a blind eye to the February 9, 2004, treatment note which indicates Dr. Bertram's examination revealed a positive straight leg raise, another positive response bilaterally (handwriting not legible enough to determine what test was performed), and he ordered x-rays of the lumbar spine (Tr. 240). Nor did the ALJ notice the February 23, 2004, treatment note which indicates Dr. Bertram reviewed the x-rays of plaintiff's lumbar spine and concluded plaintiff has degenerative disc disease as well as degenerative joint disease (Tr. 240). Additionally, the ALJ seems to have overlooked check marks in the exam section of all six of Dr. Bertram's treatment notes which identify the type of examinations he performed during that office visit and in some instances handwritten notations indicating the results (Tr. 239-240). In sum, the ALJ has not set forth "good reasons" for discounting Dr. Bertram's diagnosis of

6

osteoarthritis, degenerative joint disease, and degenerative disc disease.

Next, the ALJ discounted the functional restrictions of Dr. Bertram because they are "clearly inconsistent with the remaining evidence of record" (Tr. 22). This vague reference to other evidence in the record is not a sufficient basis to discount Dr. Bertram's functional oppinions. If, as defendant suggests, the ALJ was referring to the opinions expressed by the consultative examiner, Dr. Ellington, this alone is not substantial evidence in the record to support the ALJ's finding (Tr. 189-192).

Dr. Ellington opined that plaintiff has no functional limitations other than being mildly restricted in her ability to reach, secondary to her decreased range of motion in her shoulders (Tr. 192). However, his functional opinions are not the product objective functional testing that actually measured plaintiff's the ability to stand, walk, lift, etc. Rather, they are based upon an examination that included range of motion, an effort to detect paraspinal spasm, observations for signs of joint deformity, ability to toe-to-heel walk, and ability to get on and off the examining table (Tr. 191). While Dr. Bertram's office notes are a bit cryptic, it appears he may have performed similar examinations on more than one occasion (Tr. 239-240). Further, Dr. Ellington did not review x-rays of plaintiff's lumbar spine but Dr. Bertram did, and Dr. Ellington lacks the longitudinal picture that Dr. Bertram has regarding plaintiff's medical impairments. In sum, Dr. Ellington's far less restrictive functional restrictions do not, alone, provide substantial evidence to support the ALJ's decision to discount Dr. Bertram's functional opinion.

After carefully reviewing the diagnostic and functional opinions expressed by Dr. Bertram, the undersigned believes this medical evidence should be sufficient to satisfy the *de minimis* standard adopted by the Sixth Circuit. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986); Salmi v. Secretary of Health and Human Services, 774 F.2d 685, 690-692 (6th Cir. 1985); Farris v. Secretary of Health and Human Services, 773 F.2d 85, 89-90 (6th

Cir. 1985). However, the more appropriate course is for the Court to remand this case with instructions to more fully develop the medical evidence before an Administrative Law Judge makes findings at the second step.

Notably, the ALJ concluded the medical evidence does not establish that plaintiff suffered from any of her impairments a sufficient length of time to satisfy the 12 month durational requirement (Tr. 22). However, the ALJ failed to address whether these physical impairments are "expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509, 416.909. Certainly, this is a relevant consideration with conditions such as osteoarthritis, degenerative joint disease, and degenerative disc disease. This is a matter that should also be addressed on remand.

## RECOMMENDATION

For the foregoing reasons, the undersigned concludes that the final decision of the Commissioner does not comport with applicable law and is not supported by substantial evidence. undersigned recommends the final decision of the Commissioner be reversed and this matter be REMANDED, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings.

NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be mailed to all parties. Within ten (10) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be filed within ten (10) days or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, 474 U.S. 140 (1984). Counsel will please forward a copy of any objections to the undersigned Magistrate Judge at 126 United States Courthouse, 423 Frederica Street, Owensboro, Kentucky, 42301.

Copies:        Counsel